# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

      v.                                 CRIMINAL NO. 2012-10346-MLW

MARK DOZIER,
      Defendant.

## *MEMORANDUM AND ORDER OF REVOCATION AND DETENTION PURSUANT TO TITLE 18 U.S.C. § 3142(f)(2) & 3148(b)*

COLLINGS, U.S.M.J.

      The defendant Mark Dozier ("Dozier") was arrested on November 7, 2012 and appeared before me on that date for an initial appearance. After a hearing and a review of the Pre-Trial Services Officer's Report, the defendant was released on conditions. The very next day, after Dozier's fingerprints had been run, the Pre-Trial Services Officer requested that the Conditions of Release be revoked due to facts uncovered by that officer that Dozier had lied about his background and had committed a crime by failing to register as a sex offender.

The defendant was re-arrested and detained; a series of revocation hearings was held, the last one occurring on March 15, 2013.

While it is clear that Dozier is required to register as a sex offender in Massachusetts because of an abduction conviction in Virginia, there is considerable disagreement as to whether Dozier knew that he supposed to register. The problem is that Dozier, in addition to being convicted of abduction in Virginia, had also been convicted of forcible rape. However, that conviction was vacated by a federal judge acting pursuant to 28 U.S.C. § 2254. (Exhs. 6 & 10). In 2003, a complaint was issued in the Dorchester District Court charging Dozier with failure to register as a sex offender. However, that case was dismissed in February, 2004 when Dozier's then attorney, Tamara Birkhead, Esquire, informed the prosecutor that the forcible rape conviction had been overturned. Unfortunately, neither Ms. Birkhead nor the prosecutor realized that Dozier was still required to register because of the abduction conviction. It is contended that Dozier believed that he did not have to register when the charge of failing to register was dismissed; however, on March 19, 2004, about a month **after** the complaint was dismissed, he signed an acknowledgment that he did have to register. (Exh. 7) The form was signed at the Suffolk County Jail, presumably upon Dozier's release from a sentence for possession of crack

cocaine. Whether that form was mistakenly based on the rape conviction which had been vacated or on the abduction charge is unknown.

On these facts, there is probable cause to believe that Dozier committed the crime of failure to register as a sex offender, but it is very doubtful that he would be found guilty of such a crime beyond a reasonable doubt because of the considerable confusion attending the status of the two convictions. However, the statute only requires probable cause. 18 U.S.C. § 3148(b)(1)(A).

The next issue is whether there are any conditions or combination of conditions which will reasonably assure the defendant's appearance and the safety of other persons and the community. 18 U.S.C. § 3148(b)(2)(A). This is the question the Court must answer.

There is a separate and independent ground for acting upon which the Court relies. Title 18 U.S.C. § 3142(f)(2) provides, in pertinent part:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not know to the movant [presumably the Government] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

As explained, *infra,* I find that after the Court released the defendant on

3

November 7, 2012, the Pre-Trial Services Officer discovered "information...that was not known" to the government on November 7th and that such information "...ha[d] a material bearing on the issue" before the Court. When a detention hearing is reopened pursuant to this provision, the issue is, of course, whether there are any conditions or combination of conditions which will reasonable assure the defendant's appearance and the safety of other persons and the community.

It is to be noted that this is precisely the same issue the Court must decide pursuant to 18 U.S.C. § 3148(b)(2)(A). Hence, it ultimately makes no difference whether the proceedings held after November 7th are deemed "revocation" hearings or "reopened detention" hearings. In the circumstances of this case, the issue is the same. Accordingly, the Court acts pursuant to both statutes, i.e., 18 U.S.C. § 3148(b)(2)(A) and 18 U.S.C. § 3142(f)(2).

On the basis of the record before it, the Court finds that Dozier must be detained on the grounds of risk of non-appearance. In sum, the Court finds that there are no conditions of release or combination of conditions which would reasonably assure his appearance as required.

The basis for this finding is ultimately that the Court cannot trust that Dozier would comply with any conditions the Court might set. When initially

interviewed by the Pre-Trial Services Officer in the presence of his appointed attorney, Jane Peachey, Esquire, Dozier basically lied through his teeth. He lied about his name which he claimed was Louis Dozier, his date of birth, his social security number, his children, his ex-wives, his educational history and his drug use. As to this last item, he denied ever using illegal drugs. However, a drug test conducted after the interview proved positive for cocaine, and he has admitted a twice-per-month cocaine habit dating back to the 1990's.

Evidently, Dozier has been using the name "Louis Dozier" for a considerable period of time.[1] Louis Dozier is the middle name of Dozier's brother, who lived in Louisville, Kentucky. It is reasonable to assume that past criminal convictions in Massachusetts under the name "Louis Dozier" are in fact convictions of Mark Dozier using the alias. However, there are convictions of Dozier in Massachusetts under his true name. These include a 2000 conviction in the Dorchester District Court for possession of crack cocaine for which he was eventually incarcerated for six months in 2003. It is also noted that under his true name, he has a 1977 conviction in the Bristol Superior Court for unarmed

---

[1] His attorney claims that he started using the name Louis Dozier because of the fact that the rape conviction, which had been vacated on habeas corpus, kept coming up whenever he applied for a job under his real name. Of course, this is no excuse, especially in the circumstances when he was being interviewed by a federal officer in the presence of his attorney.

robbery for which a 5-7 year sentence was imposed. He further was convicted in the Brookline District Court in 1975 for failure to appear for which he received a six month sentence. He appealed the six-month sentence but defaulted in the Norfolk Superior Court, and a default warrant issued.

Dozier plainly cannot be trusted; there are no conditions or combination of conditions which will reasonably assure his appearance.

Accordingly, pursuant to Title 18 U.S.C. § 3148(b), it is ORDERED that the Conditions of Release previously set be, and the same hereby are, REVOKED.

It is FURTHER ORDERED that the defendant be, and he hereby is, DETAINED and that:

> (1) The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility;
>
> (2) The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3) On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing

a motion for revocation or amendment of the within Order pursuant to 18 U.S.C. § 3145(b).

ALL PAPERS ARE RETURNED TO THE CLERK'S OFFICE. The Clerk shall enter on the docket the fact that the case "is no longer referred to Magistrate Judge Collings."

/s/ Robert B. Collings

ROBERT B. COLLINGS
United States Magistrate Judge

March 20, 2013.